**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KATRINA BROWN,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 2:26-cv-00954** <br> **Judge Algenon L. Marbley** <br> **Magistrate Judge S. Courter M. Shimeall** |
| **VAN BUREN SHELTER,** | : | |
| **Defendant.** | : | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Katrina Brown, proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 2000d and Ohio Revised Code § 4112.02(G) against the Van Buren Shelter. (ECF No. 1-1.) Plaintiff also has submitted a request to proceed *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), this matter is also before the Court for the initial screen of Plaintiff's Complaint to identify cognizable claims and/or to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Having performed the initial screen, and as detailed below, the Undersigned **RECOMMENDS** that Plaintiff's federal claim brought under 42 U.S.C. § 2000d be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under § 1915(e)(2), and that the Court **DECLINE** to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) such that her state-law claim brought under Ohio Revised Code § 4112.02(G) be **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

Plaintiff's allegations are sparse, but she generally alleges that Van Buren Shelter denied her equal protection of the laws by depriving Plaintiff of rights secured by 42 U.S.C. § 2000d. (ECF No. 1, at PAGEID #: 6.) Specifically, Plaintiff alleges that she has been denied the following based on race:

- Extra sleep when not having to work;
- Not having to be present during bed count;
- Leaving the Van Burden Shelter for leisure and allowed to reenter before the allotted designated time; and
- Access to F-dorm during prohibited hours.

(*Id.* at PAGEID #: 6–7.)

She further alleges that the Shelter discriminated against her with crimes of violence, injustices, and harsh treatment under § 2000d. (*Id.* at 7.)

As it relates to violations of Ohio Revised Code § 4112.02(G), she alleges the Shelter discriminated against her on the grounds of race by not allowing her to earn redeemable tickets for the Success Store to purchase brand new items, such as stationery, hygiene products, cosmetics, purses, luggage, clothing, and linens. (*Id.* at PAGEID #: 7–8.)

She seeks $115,000 in damages, and $10,000 in attorney's fees.

## II. LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, was enacted to allow a person of limited financial means to have access to the courts. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992). However, to prevent abuses of that leniency, the federal district courts must also review all *in forma pauperis* actions and dismiss any lawsuits or causes of action that the Court determines

are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill*, 630 F.3d at 470–71 (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations," it does demand "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Thus, a complaint that asserts only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" will be insufficient. *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (citations and quotations omitted). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, although the Court is to liberally construe *pro se* complaints "and hold such complaints to a less stringent standard than pleadings prepared by attorneys . . . this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting in part *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). The Court "should not have to guess at the nature of the claim asserted." *Wells*, 891 F.2d at 594. Stated differently, Rule 8 bars "a pleading party from 'cough[ing] up an unsightly hairball of factual and legal allegations, stepp[ing] to the side, and invit[ing] the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two." *Hartzell v. Miami Cty. Incarceration Facility*, No. 3:17-CV-63, 2017 WL 2590199, at *2 (S.D. Ohio June 15, 2017) (quoting *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011)).

## III. ANALYSIS

### A. Federal Claim—42 U.S.C. § 2000d

Title VI of the Civil Rights Act of 1964 states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. This statute does provide a private right of action for injunctive relief and damages for intentional discrimination. *M.J. by & through S.J. v. Akron City Sch. Dist. Bd. of Educ.*, 1 F.4th 436, 453 (6th Cir. 2021).

Upon review, and even when liberally construing the Complaint in favor of Plaintiff, the Undersigned finds that Plaintiff fails to allege essential facts to state a plausible claim for relief.

First, Plaintiff does not allege what race she is, nor does she allege facts that would support that the Shelter made decisions against her based on her race. For example, she does not allege that people of other races were treated differently or received different benefits, why she thought

these decisions were racially motivated, or that anyone at the Shelter made "racially-derogatory statements." *Albright v. Univ. of Cincinnati*, No. 1:26-CV-344, 2026 WL 2110547, at *3–4 (S.D. Ohio July 22, 2026) (finding lack of factual allegations weigh against finding an inference of discriminatory animus); *see also Linder v. Cleveland Clinic Found.*, No. 1:25 CV 2050, 2026 WL 27589, at *2 (N.D. Ohio Jan. 5, 2026) (dismissing a Title VI claim when a plaintiff failed to provide basics facts, such as her race or why she believed race was a motivating factor in the defendant's decision making); *Davis v. Walsh Kokosing Joint Venture*, No. 1:25-CV-393, 2026 WL 872675, at *15 (S.D. Ohio Mar. 30, 2026), *reconsideration denied*, No. 1:25-CV-393, 2026 WL 1947944 (S.D. Ohio July 6, 2026) (finding plaintiff's Title VI claim failed to state a claim because he made "no assertions as to how any of the alleged actions relate to his race" (citations omitted)).

Second, only programs that benefit from federal funding are subject to Title VI. But Plaintiff does not allege that the Shelter receives federal funds. Failure to allege this necessary element results in failure to state a claim under Title VI. *See Cook v. Best*, No. 3:26 CV 266, 2026 WL 3025545, at *2 (N.D. Ohio Oct. 8, 2026) (finding Title VI allegations failed to state a claim when the complaint did not allege that the defendants received federal funding).

Finally, Plaintiff does not allege that an official, or anyone at the Shelter, who had the power to address the discrimination had actual knowledge of the discrimination and failed to take action. The Sixth Circuit Court has found failure to plausibly allege this point likewise warrants dismissal for failure to state a claim. *See St. John v. Cuyahoga Metro. Hous. Auth.*, No. 25-3522, 2026 WL 2061426, at *3 (6th Cir. July 9, 2026) ("An entity cannot be held liable [under Title VI] unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." (citations and quotations omitted)).

At most, Plaintiff's allegations amount to being denied benefits because of her unspecified race. Without more, her Complaint fails to plausibly allege facts to support the required elements of a claim under 42 U.S.C. § 2000d. Her Complaint should be dismissed.

**B. State-Law Claim—Ohio Revised Code § 4112.02(G)**

Because it is recommended that all federal claims be dismissed, the Undersigned further **RECOMMENDS** that this Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiff's state-law claim. *See Rouster v. Cty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims." (internal quotation marks and citations omitted)).

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) Moreover, for the reasons stated above, the Undersigned **RECOMMENDS** that Plaintiff's federal claim brought under 42 U.S.C. § 2000d be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under § 1915(e)(2), and that the Court **DECLINE** to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) such that her state-law claim brought under Ohio Revised Code § 4112.02(G) be **DISMISSED WITHOUT PREJUDICE**. The Undersigned **FURTHER RECOMMENDS** that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination

of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**